OPINION
Robert Seagraves appeals from the judgment of the Clark County Common Pleas Court which denied his motion to withdraw his former guilty plea pursuant to Crim.R. 32.1.
On June 17, 1996 Seagraves was indicted upon the charges of felonious assault and aggravated burglary. The matter was set for trial on August 16, 1996. On the day of trial defendant moved for a continuance and moved to sever the two counts for trial because they related to two separate incidents. The felonious assault charge occurred in February, 1996 and the aggravated burglary occurred in June 1996.
The continuance motion was made because appellant's counsel represented to the court that he mistakenly believed the felonious assault charge emanated out of the same incident giving rise to the aggravated burglary charge. Counsel informed the court that two alibi witnesses from Dayton could not be available to testify for the defendant on such late notice concerning the felonious assault charge.
The record indicates the felonious assault charge was actually a reindictment of the domestic violence indictment for which the jury "hung" presumably because of the alibi witnesses presented by the defendant, some of whom could not appear for the new trial on the reindicted charge of felonious assault.
The prosecutor objected to the continuance of the trial but indicated he would not object to the introduction of the previous trial testimony of the two alibi witnesses who could not appear for trial. (Tr. 16). The trial court then overruled both pretrial motions. The court denied the severance motion because the defendant's wife was the alleged victim in both incidents.
After the jury was selected and before opening statement was given, the defense counsel and the prosecutor informed the court that a plea agreement had been reached. The following occurred in open court:
 THE COURT: Okay. We'll be back on the record. Addressing defense counsel, Mr. Marshall, is that a correct and a complete statement of this plea agreement?
 MR. MARSHALL: It is, Your Honor, for clarification, Mr. Seagraves would be pleading to the charge of burglary under 2911.
THE COURT: Point 12.
 MR. MARSHALL: 2911.12(A) (2), that is a felony of the third degree. There is a specification of physical harm which makes it — the Court can impose an indeterminate sentence as a result of that.
 Mr. Seagraves, then, pursuant to the amended indictment would be withdrawing his former plea of not guilty. He would then be entering a plea of guilty to the charge as amended and would also be admitting the specification contained therein.
 THE COURT: Thank you. I'll address the defendant, Mr. Seagraves.
Did you understand the plea agreement?
THE DEFENDANT: Yes, sir.
 THE COURT: Do you understand under the plea agreement, the State of Ohio is dismissing Count 1 of this indictment; and the State of Ohio is amending Count 2 of this indictment.
 Under the amended indictment, you're charged with burglary under Section 2911.12 Section (A) (2), and there's also a specification of physical harm.
 Your attorney's entering a guilty plea on your behalf to this charge of burglary and also admitting the specification of physical harm.
Do you understand that?
THE DEFENDANT: Yes, sir.
 THE COURT: Do you understand the nature of the charge against you?
THE DEFENDANT: Yes, sir.
 THE COURT: Have you discussed the facts of the case with your lawyer?
THE DEFENDANT: Yes, sir.
 THE COURT: Do you understand when you plead guilty, you're admitting the offense; and you're subject to the maximum penalty of — of a sentence to the state penitentiary for a term of five years to ten years.
 Under this plea agreement, the State of Ohio is recommending a sentence of two years to ten years; and the Court will impose that sentence of two years minimum to ten years maximum in the state penitentiary. That will happen at this time as a consequence of your guilty plea.
Do you understand that?
THE DEFENDANT: Yes, sir.
 THE COURT: There's also a maximum fine the Court could impose of 5,000 dollars. That's a possible maximum fine that could also be imposed with the penitentiary sentence.
Do you understand that?
THE DEFENDANT: Yes, sir.
 THE COURT: Now, do you want to pled guilty to this charge of burglary under this amended indictment and also admit the specification of physical harm?
THE DEFENDANT: Yes, sir.
THE COURT: Is this a voluntary plea by you?
THE DEFENDANT: Yes, sir.
 THE COURT: All right. Do you understand that you have a right to have a trial by a jury? You have a right to require that the State of Ohio prove you guilty beyond a reasonable doubt by the unanimous verdict of a jury.
 You have a right to confront any witnesses against you. You have a right to compel the attendance of any witnesses on your own behalf.
 And you have a right against self-incrimination. You cannot be required to testify against yourself. Whether or not you testify would be your own choice.
 Now, these rights I stated are given up by the guilty plea. Do you understand that?
THE DEFENDANT: Yes, sir.
 THE COURT: All right. I'll accept your plea of guilty voluntarily to the amended indictment under the plea agreement.
 And I'll proceed under the agreed disposition. If there's a further statement, I'll listen to statements, Mr. Marshall.
MR. MARSHALL: No, Your Honor. Thank you.
 THE COURT: Do you wish to make a statement to the Court, Mr. Seagraves?
 THE DEFENDANT: No, sir. I just wish to get this over with.
 THE COURT: All right. If there's no reason why sentence should not now be pronounced, the Court will sentence the defendant to the minimum term of two years to the maximum term of ten years in the state penitentiary and assess court costs to the defendant.
That'll be all.
MR. MARSHALL: Thank you, Your Honor.
MR. CARTER: Thank you.
In his first assignment of error, appellant contends the State over indicted him on the charge of felonious assault. This assignment must be overruled as that charge was dismissed by the State and appellant can demonstrate no prejudice from the alleged over indictment.
In his second assignment, the appellant contends he was denied due process when the trial court permitted the indictment to be "amended" in violation of Crim.R. 7(D). The indictment, however, was not amended. It was a new indictment by the grand jury raising the level of the charge from domestic violence to felonious assault. Crim.R. 7(D) governs amendments of indictments by trial courts.
The appellant contends the State of Ohio brought the new indictment and overcharged him in order to induce a plea bargain in this case. If facts would support the felonious assault charge, the State was free to pursue the new indictment.Bordenkircher v. Hayes (1978), 434 U.S. 357; United States v.Goodwin (1982), 457 U.S. 368. We are not privy to the evidence produced at the appellant's first trial and appellant has not demonstrated that the new indictment was the result of vindictiveness on the part of the prosecutor or was secured to induce an involuntary plea from the defendant. The second assignment of error is overruled.
In his third assignment appellant contends he was denied the effective assistance of counsel when his trial lawyer failed to move to strike overtly biased veniremen during the voir dire. The defendant's plea of guilty waived this assignment of error. An unqualified plea of guilty, legitimately obtained, bars further consideration of all but the most fundamental premises for the conviction, of which the subject matter jurisdiction of the court is the most familiar example. United States v. Doyle (C.A. 2, 1965), 348 F.2d 715, 718-719. This assignment is also overruled.
In his fourth assignment, appellant contends he was denied a fair trial when the trial court denied his continuance motion. In this regard, the felonious assault charge was dismissed and no prejudice is evident from his counsel's unpreparedness or the trial court's ruling. This assignment is likewise overruled.
In his last assignment, appellant contends he was denied due process when the trial court failed to hold an evidentiary hearing on his motion to withdraw his guilty plea.
A trial court may allow the post-sentence withdrawal of a plea of guilty or no contest only to correct manifest injustice. Crim.R. 32.1; State v. Smith (1977), 49 Ohio St.2d 261, 3 O.O.3d 402, 361 N.E.2d 1324, paragraph one of the syllabus. "The motion is addressed to the sound discretion of the trial court, and the good faith, credibility and weight of the movant's assertions in support of the motion are matters to be resolved by the trial court." State v. Smith, supra, at 264, Thus, a reviewing court shall not reverse a trial court's denial of that motion absent an abuse of discretion. State v. Blatnik (1984), 17 Ohio App.3d 201,202, 17 OBR 391, 392-393, 478 N.E.2d 1016, 1018-1019.
A hearing on a post-sentence motion to withdraw a plea of no contest is required if the facts alleged by the defendant and accepted as true would require the court to permit that plea to be withdrawn. State v. Blatnik, supra, at 204; State v. Harper (Nov. 5, 1987), Cuyahoga App. Nos. 54098, 54099, 54187, 54188 and 54189, unreported, 1987 WL 19678; State v. Reynolds (Apr. 24, 1986), Cuyahoga App. No. 50368, unreported, 1986 WL 4956., Appellant contends he would not have pled guilty to the aggravated burglary charge but for his fear he would be convicted on the felonious assault charge because his counsel had failed to properly prepare to defend that charge., Appellant does not argue that his trial counsel was not prepared to defend the aggravated burglary charge or that there was insufficient evidence to prove his guilt on that charge. Appellant informed the trial court at the time of his plea that he was entering his guilty plea voluntarily. The trial court properly overruled the appellant's motion without a hearing. The last assignment is likewise overruled.
Judgment affirmed.
. . .
FAIN, J., and YOUNG, J., concur.
Copies mailed to:
Stephen Schumaker
Robert J. Seagraves
Hon. Gerald Lorig